**THAT HIN LIONG; et al., Petitioners,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 04–72707.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Oct. 1, 2007.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioners.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

That Hin Liong, and his wife, Man Fong Soeng, natives and citizens of Indonesia, petition for review of an order of the Board of Immigration Appeals summarily affirming an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir.2005), we deny the petition for review.

Substantial evidence supports the IJ's finding that the harms Liong experienced did not amount to past persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995). Additionally, substantial evidence supports the IJ's finding that Liong does not have a well-founded fear of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004).

Because Liong cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Prasad*, 47 F.3d at 340.

Substantial evidence supports the IJ's denial of CAT relief because Liong did not establish that it is more likely than not that he will be tortured in Indonesia. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

